UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**KERRIE W. BRIGGS,**

        **Plaintiff,**

    v.                                              **ACTION NO. 2:06cv154**

**GARY W. WATERS, and**
**THE CITY OF PORTSMOUTH,**

        **Defendants.**

**OPINION AND ORDER**

This matter comes before the court on defendant City of Portsmouth's (the "City") motions to dismiss plaintiff's Complaint for failure to state a claim and for lack of subject matter jurisdiction, defendant Gary W. Waters's ("Waters") motions to dismiss for failure to state a claim and for lack of subject matter jurisdiction, and plaintiff Kerrie W. Briggs's ("Briggs") motions for a stay on defendants' motions and for leave to amend. For the reasons set forth herein, the court **GRANTS** the City's and Waters's motions to dismiss for failure to state a claim, **GRANTS** Briggs's motion for leave to amend, and **DENIES** Briggs's motion for a stay of disposition of defendants' motions. All other motions are **MOOT**.

**I.  Factual and Procedural History**[1]

On June 1, 1998, the Portsmouth Sheriff's Office (the

---

[1] All facts are drawn from the allegations set forth in Briggs's Complaint. These factual assertions are only allegations and have yet to be proven.

"Sheriff's Office"), located in Portsmouth, Virginia, hired Briggs as a deputy sheriff.  During the course of her employment, Briggs was subjected to sexual harassment by Waters, who was then the Sheriff of Portsmouth.  This harassment included sexually explicit comments, flirtatious conduct, and attempts to date her.  Briggs rejected Waters's advances.  On November 21, 2004, Briggs was part of a traffic violation incident involving Leslie O. Cox ("Cox"), a City of Portsmouth police officer.  Upon learning of the incident, Waters instructed Cox to charge Briggs with obstruction of justice.  Briggs was convicted in Portsmouth City General District Court.[2]  Subsequent to her conviction, Waters fired Briggs.

On or about February 24, 2006, Briggs submitted a Complaint in the Circuit Court for the City of Portsmouth.  Count One of the Complaint names Waters and the City, and charges Sexual Harassment and Retaliation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (2006) ("Title VII").[3]  On March 17, 2006, the action was removed to this court.  On March 27, 2006, Waters submitted a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  On April 10, 2006, Briggs responded by submitting a Motion to Amend Complaint and Stay the

---

[2] The obstruction of justice charge was later dismissed on appeal to the Portsmouth Circuit Court.

[3] Count Two named Cox and charged a state law claim for Malicious Prosecution.  On May 3, 2006, an Agreed Order was signed, dismissing with prejudice the claim against Cox.

2

Ruling on the Motions to Dismiss Pending Discovery ("Motion to Amend").[4]  On April 17, 2006, the City submitted a Motion to Dismiss pursuant to Federal Rule 12(b)(6).  On April 24, 2006, the City submitted a Motion to Dismiss for Lack of Subject Matter Jurisdiction pursuant to Federal Rule 12(b)(1).  On May 3, 2006, Briggs responded to the City's motions.  All motions have been briefed and are now ripe for review.

**II.  Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6) (2006).  When reviewing a plaintiff's complaint pursuant to a 12(b)(6) motion, the court must accept well-pleaded allegations as true and must construe the factual allegations in favor of the plaintiff. Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994).  However, the court is not required to accept allegations that are legal conclusions. Id.  Finally, "[t]he court may consider only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the judge may take judicial notice."  2 JAMES W. MOORE, MOORE'S FEDERAL PRACTICE – CIVIL § 12.34(2) (2006).

---

[4] Briggs's response was untimely. However, the court reviewed and considered all of Briggs's briefs in disposing of the instant motions.  Briggs is warned that submitting future briefs in an untimely fashion could result in the court declining to consider them.

### III. Defendants' Motions to Dismiss

###    A. Waters[5]

With respect to Briggs's suit against Waters in his individual capacity, she does not state a claim upon which relief can be granted. The Sheriff's Office was Briggs's employer, and Waters was her supervisor. See Pl.'s Compl. at ¶ 1 ("The Sheriff's Office hired Plaintiff initially on June 1, 1998 and terminated her employment effective March 8, 2005); id. at ¶ 4 ("Plaintiff worked for the Sheriff's Office under the administration of Defendant Waters."). Only employers are liable for Title VII violations. Lissau v. S. Food Serv., 159 F.3d 177, 181 (4th Cir. 1998). Title VII creates no cause of action for a claim against a supervisor in his individual capacity. Id. at 180. Therefore, Briggs legally has no Title VII claim against Waters in his individual capacity, and the court **DISMISSES** the claim.[6]

---

[5] Briggs's Complaint does not specify whether she is suing Waters in his individual capacity or his official capacity. For purposes of these motions, the court will assume that she sues Waters in both capacities.

[6] Briggs "concedes that defendant Waters cannot be sued individually...unless the Court or trier of fact finds that former Sheriff Waters employed Plaintiff." Pl.'s Mem. in Supp. of Mot. to Amend at 6. She proceeds to argue that Waters had "absolute power...to fire, hire, budget and otherwise control completely the operations of the Portsmouth Sheriff's office." Id. Moreover, he "fired Plaintiff pursuant to that authority." Pl.'s Reply to Waters's Opp. to Pl.'s Mot. to Amend at 4. Thus, plaintiff contends that Waters "ran the Sheriff's department like a sole proprietor" and amounts to having been Briggs's employer. Id.
    Briggs's arguments are meritless. First, Briggs failed to allege in her Complaint that Waters had such unchecked authority

Briggs also has no claim against Waters in his official capacity. Her Complaint states that Waters is the former Sheriff of Portsmouth and no longer holds that office. See Pl.'s Compl. at ¶ 2 ("Waters is the former sheriff."); id. at ¶ 1 (stating that William O. Watson is the current Sheriff of Portsmouth). Because Waters no longer holds the office of Sheriff, he does not have an official capacity in which he can be sued. See, e.g., Advisory Comm.'s 1961 Note on Fed. R. Civ. P. 25(d)(1), 28 U.S.C. App., pp. 879-81 (explaining that when an officeholder is the party to an action but "dies, resigns or otherwise ceases to hold office," then the successor to the officeholder is automatically substituted in as the proper party).[7] Accordingly, the court **DISMISSES** Briggs's claim against Waters in his official capacity.

---

and absolute power. Therefore, the court cannot consider these allegations in determining whether Briggs stated a cognizable claim in her Complaint. See supra at 3. Even if Briggs's Complaint did set forth such allegations, she still would have no claim. She cites absolutely no case law or legal authority to support the theory that because a supervisor has final authority with respect to the supervisory duties entrusted to him, then he can be converted from a supervisor into an individual employer. To the contrary, Fourth Circuit case law is very clear on this matter: "[S]upervisors are not liable in their individual capacities for Title VII violations." Lissau v. S. Food Serv., 159 F.3d 177, 181 (4th Cir. 1998).

[7] The court notes that Waters specifically argued that he does not have an official capacity in which he can be sued. Waters Mot. to Dismiss at 7. Briggs never responded to that point or contended that Waters could be sued in his official capacity. See generally Pl.'s Mem. in Supp. of Mot. to Amend; Pl.'s Reply to Waters's Opp. to Pl.'s Mot. to Amend.

**B.  The City**

Briggs argues that the Sheriff's Office is not an independent entity legally distinct from the City, but rather is a department within the City.  See Pl.'s Reply to Waters's Opp. to Pl.'s Mot. to Amend at 2 n.2; see also Pl.'s Mem. in Opp. to City's 12(b)(1) Mot. at 2.  Thus, as a deputy in the Sheriff's Office, she was an employee of the City and may bring a Title VII claim against it. See Pl.'s Reply to Waters's Opp. to Pl.'s Mot. to Amend at 3. However, in the Commonwealth of Virginia, "a sheriff is a constitutional officer and his duties are regulated and defined by [] statute." Hilton v. Amburgey, 198 Va. 727, 729 (1957); see also Va. Const. Art. VII, § 4 (1971) (creating the office of the Sheriff).  As constitutional officers, "sheriffs...do not hold their offices...by virtue of authority of a municipality or county," Hilton, 198 Va. at 729, and "the [s]heriff serves independent of the municipal or county government," Sherman v. Richmond, 543 F. Supp. 447, 449 (E.D. Va. 1982).  Moreover, "[t]he Virginia Code [specifically] makes deputies employees of the sheriff, not employees of the municipal governing body." Keathley v. Vitale, 866 F. Supp. 272, 274-75 (E.D. Va. 1994); see also Williams v. McDonald, 69 F. Supp. 2d 795, 800 (E.D. Va. 1999) ("Deputies appointed by constitutional officers pursuant to Virginia Code § 15.2-1603 are not employees of the local governing body."); Va. Code. Ann. 15.2-1603 (2006).  Therefore, Briggs was an

employee of the Sheriff's Office only, an entity legally distinct from the City. See Williams, 69 F. Supp. 2d at 800.[8]

Briggs argues that the City conceded that it was her employer when it challenged her state claim for unemployment benefits before the Virginia Unemployment Commission. Pl.'s Mem. in Supp. of Mot. to Amend at 3. Thus, under the theories of equitable estoppel and judicial estoppel, the City should be estopped from denying that it is Briggs's employer.[9] However, equitable estoppel requires a

---

[8] Briggs contends that the court must accept her allegations that the Sheriff's Office is a department within the city, and that the City of Portsmouth thus employed her as a deputy sheriff. Pl.'s Reply to Waters's Opp. to Pl.'s Mot. to Amend at 2 n.2. There are situations in which determining the employment status of a party turns on questions of fact. See, e.g., Allen v. Zurich Ins. Co., 667 F.2d 1162, 1163-64 (4th Cir. 1982) (detailing facts that are key to determining if plaintiff was an employee or a joint venturer). In this case, however, whether the Sheriff's Office is a legally separate entity from the City, and hence whether a sheriff's deputy is an employee of the Sheriff's Office or the City, are purely legal questions determined by reviewing the Virginia Constitution, the Virginia Code, and case law interpreting those authorities. See supra at 6-7. Thus, Briggs's allegations are legal conclusions which are incorrect, and the court need not, and does not, accept them. See supra at 3.
    Briggs also contends, in her briefs, that certain factors reveal that the City functionally employed her. For example, she asserts that the City paid for part of her salary. Pl.'s Reply to Waters's Opp. to Pl.'s Mot. to Amend at 3. However, Briggs failed to set forth any of these allegations in her Complaint, and thus the court may not consider them. See supra at 3. The court is granting Briggs leave to amend her Complaint, see infra at 10-11, including leave to add allegations, on good faith belief or information, that would support a cognizable claim against the City based on a relevant legal theory.

[9] The City denies this claim and asserts that the Sheriff's Office represented itself as Briggs's employer. City's Rebuttal to Pl.'s Opp. to Mot. to Dismiss at 1-3. The court will assume, without deciding, that Briggs's assertions are true, because even

7

plaintiff to show that she would suffer prejudice, if a defendant is not estopped from asserting a certain position. See United States for Use and Benefit of Noland Co. v. Wood, 99 F.2d 80, 82 (4th Cir. 1938) (exlaining that to invoke estoppel, a party must show that it was prejudiced); United States ex rel. Humble Oil & Refining Co. v. The Fidelity & Cas. Co., 402 F.2d 893, 898 (4th Cir. 1968) (stating that detriment is a required element of equitable estoppel). The only detriment cited by Briggs is that "to the extent that the Court would find that the City did not employ Plaintiff, consequential detriment to the plaintiff in having sued the wrong party would result." Pl.'s Mem. in Supp. of Mot. to Amend at 5. However, since the court is granting Briggs's motion to amend so that she may add the Sheriff's Office as the proper employer-defendant,[10] she suffers no prejudice.

With respect to judicial estoppel, that doctrine is inapplicable in this case. Judicial estoppel applies when a party prevails on a position, to its advantage, in one proceeding, and then seeks to prevail on a contrary position, to its advantage, in another proceeding. See 18B CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY K. KANE, FEDERAL PRACTICE AND PROCEDURE § 4477 (2006) ("[A] party should not be allowed to gain an advantage by litigation on one theory,

---

under the circumstances she sets forth, the City is not estopped from asserting that it is not Briggs's employer.

[10] See infra at 10-11.

8

and then seek an inconsistent advantage by pursuing an incompatible theory."); Mark J. Plumer, Note, Judicial Estoppel: The Refurbishing of a Judicial Shield, 55 GEO. WASH. L. REV. 409, 435 (1987) ("Judicial estoppel is properly defined as a bar against the alteration of a factual assertion that is inconsistent with a position sworn to and benefitted from in an earlier proceeding.") (quoted in parenthetical by Lowery v. Stovall, 92 F.3d 219, 223 (4th Cir. 1996)).  The purpose of the doctrine is "to protect the integrity of the judicial process" by "preventing a party from playing fast and loose with the courts, from blowing hot and cold as the occasion demands, or from attempting to mislead the [courts] to gain unfair advantage."  See King v. Herbert J. Thomas Mem'l Hosp., 159 F.3d 192, 196 (4th Cir. 1998) (internal quotation marks omitted).  In short, a "party cannot have its cake and eat it too." Guinness PLC v. Ward, 955 F.2d 875, 899 (4th Cir. 1992).

The court must reject Briggs's argument for two reasons. First, judicial estoppel only applies when a party takes an inconsistent factual position.  See King, 159 F.3d at 196.  The doctrine is inapplicable when the second inconsistent position pertains to a question of law.  See Lowery, 92 F.3d at 224 ("[T]he position sought to be estopped must be one of fact rather than law or legal theory.").  In this case, the question of whether the City is Briggs's employer is a question of law.  See supra note 8. Therefore, it would be inappropriate to utilize judicial estoppel

to bar the City from raising a valid legal defense. Secondly, it was not even to the City's benefit to be recognized as Briggs's employer before the Virginia Unemployment Commission. Rather, such acquiescence and failure to invoke a valid defense subjected the City to potential liability for unemployment benefits. That the City did not raise the defense until the second proceeding hardly constitutes "playing fast and loose with the courts" or attempting to "have its cake and eat it too." See supra at 8-9. Thus, these facts do not present the kind of situation in which application of judicial estoppel is appropriate. Id.[11]

Accordingly, the court **GRANTS** the City's motion to dismiss. Because the court grants both defendants' motions to dismiss as a matter of law, it **DENIES** Briggs's motion to stay disposition of the defendants' motions so that she may proceed to factual discovery.

### IV. Plaintiff's Motion to Amend

Briggs moves to add the Sheriff's Office as a Title VII defendant and to add a claim against Waters pursuant to 42 U.S.C.

---

[11] The absence of prejudice to the party invoking judicial estoppel does not preclude a court from applying the doctrine. See Guinness PLC v. Ward, 955 F.2d 875, 899 (4th Cir. 1992). However, the fact that prejudice is lacking is still a significant factor when determining whether to apply judicial estoppel. See 18 JAMES W. MOORE, MOORE'S FEDERAL PRACTICE – CIVIL § 134.30 (2006) (discussing New Hampshire v. Maine, 532 U.S. 742 (2001)). Here, Briggs suffers absolutely no prejudice because the court is granting her leave to amend to add the Sheriff's Office as the proper employer-defendant. See infra at 10-11.

§ 1983. See Pl.'s Mem. in Supp. of Mot. to Amend at 4.[12]  "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served."  Fed. R. Civ. P. 15(a).  No responsive pleading has yet to be served.  Therefore, the court **GRANTS** Briggs's motion.  Briggs has fifteen (15) days from the date of this Opinion and Order to file the Amended Complaint.

### V. Conclusion

For the reasons set forth above, the court **DISMISSES** Briggs's Title VII claims against Waters and the City.  The court **GRANTS** Briggs leave to amend her Complaint, and **DENIES** her motion to stay disposition of the defendants' motions to dismiss.  All other motions are rendered **MOOT**.  The Clerk is **DIRECTED** to send a copy of this Opinion and Order to counsel for plaintiff and to counsel for defendants.

---

[12] Waters argues that the motion should be denied because amending the Complaint would be futile. Waters's Opp. to Pl.'s Mot. to Amend at 3. However, he offers no explanation as to why adding a § 1983 claim against him would be futile. See id.; see also Smith v. Pepersack, 1999 U.S. App. LEXIS 23223, at * 10 (4th Cir. 1999) (explaining that although a supervisor may not be held liable for Title VII violations, he can be liable under 42 U.S.C. § 1983). Regardless, because no responsive pleading has yet to be served, Briggs is in fact allowed to amend her Complaint "as a matter of course," without obtaining leave from the court. See Fed. R. Civ. P. 15(a); 3 MOORE, MOORE'S FEDERAL PRACTICE – CIVIL § 15.10.

    **IT IS SO ORDERED.**

                                                                     /s/
                                                       Rebecca Beach Smith

Norfolk, Virginia

June 27, 2006